UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| NELIDA PRADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EQUIFAX INFORMATION SERVICES LLC,<br><br>　　　　Defendant. | Case No. 18-cv-02405-PJH (LB)<br><br>**ORDER ADJUDICATING DISCOVERY DISPUTE REGARDING MEDICAL RECORDS**<br><br>Re: ECF No. 33 |

## INTRODUCTION

Plaintiff Nelida Prado alleges that the consumer-credit-reporting agency Equifax Information Services LLC "mixed" her credit file with her sister's.[1] While Ms. Prado allegedly has perfect credit history, her sister has a number of credit accounts with derogatory information.[2] As a result of this "mixing," Equifax allegedly reported (incorrectly) to Ms. Prado's credit-card companies that Ms. Prado had "serious delinquency" on a number of her credit accounts.[3] In response, Ms. Prado's credit-card companies significantly lowered her credit limits and denied Ms. Prado's

---

[1] Compl. – ECF No. 1 at 3–5 (¶¶ 12–29). Citations refer to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] *Id.* at 5 (¶ 29), 7 (¶ 41).

[3] *Id.* at 7 (¶ 41), 8 (¶ 48), 10 (¶ 54), 11 (¶ 55).

ORDER – No. 18-cv-02405-PJH (LB)

1   requests to have her original limits reinstated.[4] Equifax also allegedly failed to respond adequately

2   to Ms. Prado's attempts to have it correct its errors.[5] Ms. Prado claims that that Equifax thereby

3   violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681e(b) and 1681i, and the

4   California Credit Reporting Agencies Act, California Civil Code §§ 1785.14(b) and 1785.16.

5   Equifax issued a document request to Ms. Prado that reads, "[i]f you are claiming damages based on medical or mental anguish, please produce all documents relating or referring to any medical or mental treatments you received in the past seven years."[6] Ms. Prado objected that the request is overbroad, burdensome, not proportional to the needs of the case, seeks irrelevant documents, and invades doctor-patient privilege and her right to privacy under the California Constitution.[7] The parties have met and conferred regarding Equifax's request and Ms. Prado's objection and have been unable to resolve their disputes, which they now present to the court.[8]

12  The court can adjudicate this dispute without a hearing. N.D. Cal. Civ. L.R. 7-1(b). The court sustains Ms. Prado's objections.

## ANALYSIS

Numerous courts in this district have held that when a plaintiff alleges only "garden variety" distress and does not allege emotional distress as a separate claim, does not allege unusually severe emotional distress, and does not intend to rely on experts or medical records to prove emotional-distress damages, she does not place her medical history so at issue as to warrant compelling production of her medical records. *Basich v. Petanaude & Felix, APC*, No. C 11-04406 EJD (HRL), 2012 U.S. Dist. LEXIS 91634, at *3–4 (N.D. Cal. July 2, 2012) (denying request for medical records in FCRA case where plaintiff "seeks damages only for garden variety

---

[4] *Id.* at 7 (¶ 42) (Macy's reducing her credit limit from $2,300 to $300), 8 (¶¶ 45, 48) (Citi reducing her credit limit from $6,000 to $500), 9 (¶ 52), 10 (¶ 55).

[5] *Id.* at 6 (¶¶ 32–38), 8 (¶¶ 46–47), 9 (¶¶ 49–51, 53), 10–11 (¶¶ 56–63).

[6] Joint Discovery Letter Br. – ECF No. 33 at 2.

[7] *Id.*

[8] *Id.* at 1, 5.

ORDER – No. 18-cv-02405-PJH (LB)    2

emotional distress and has not put her medical history at issue"); *accord, e.g.*, *Schwenk v. County of Alameda*, No. C-07-00849 SBA (EDL), 2011 WL 607101, at *1 (N.D. Cal. Feb. 11, 2011) (same re mental-health records in 42 U.S.C. § 1983 child-custody case); *EEOC v. Lexus of Serramonte*, 237 F.R.D. 220, 224 (N.D. Cal. 2006) (same re medical and mental-health records in employment-discrimination case); *Fitzgerald v. Cassil*, 216 F.R.D. 632, 639–40 (N.D. Cal. 2003) (same re medical and mental-health records in Fair Housing Act case). Ms. Prado is not bringing a separate claim for emotional distress, is not alleging a specific mental injury, does not plan to offer expert testimony on the subject, and is not planning to rely on her medical records at trial.[9] "Under these circumstances, the court finds that intrusion into plaintiff's medical history is unwarranted." *Cf. Basich*, 2012 U.S. Dist. LEXIS 91634, at *4 (citing cases).[10]

Equifax argues that it is not requesting a medical examination under Federal Rule of Civil Procedure 35, which it acknowledges is subject to a heightened requirement that a party's mental or physical condition be "in controversy."[11] But as one court held, "if anything, delving into a plaintiff's medical or psychiatric records is even more invasive than conducting a medical or psychological examination[.]" *Lexus of Serramonte*, 237 F.R.D. at 224. Equifax also cites two non-FCRA district-court cases from outside this circuit where courts allowed discovery of medical records where plaintiffs alleged "garden variety" emotional distress. Equifax does not cite any cases from this district or circuit on this point, however.[12] Equifax's arguments do not overcome *Basich* — which similarly denied a discovery request into medical records in an FCRA case where the plaintiff claimed only garden-variety distress — or the other weight of authority in this district.

---

[9] Joint Discovery Letter Br. – ECF No. 33 at 4.

[10] Contrary to Equifax's arguments, *id.* at 3, the fact that Ms. Prado is not being compelled to turn over her medical records does not leave Equifax unable to assert a causation defense. *Cf. Fitzgerald*, 216 F.R.D. at 638 ("[T]he defendant may cross-examine the plaintiff . . . about other stressors or contributing factors that may explain or have contributed to the alleged emotional distress. . . . The defendant can examine percipient witnesses or find other evidence to show, for example, that plaintiff's description of his or her distress is exaggerated. It may elicit from the plaintiff the fact that the plaintiff did not seek and obtain treatment or therapy for the alleged distress. . . . Finally, the defendant benefits by the guarantee that the plaintiff will not present expert evidence at trial.").

[11] Joint Discovery Letter Br. – ECF No. 33 at 3.

[12] *See id.*

**CONCLUSION**

The court sustains Ms. Prado's objections to Equifax's discovery request.

Going forward, the parties must comply with the dispute procedures in the undersigned's standing order (attached). The procedures in it require, among other things, that the parties must meet and confer and, if they cannot resolve their disputes, must submit a joint letter brief with information about any unresolved disputes. The letter brief must be filed under the Civil Events category of "Motions and Related Filings > Motions – General > Discovery Letter Brief." After reviewing the joint letter brief, the court will evaluate whether further proceedings are necessary, including any further briefing or argument.

**IT IS SO ORDERED.**

Dated: January 3, 2019

LAUREL BEELER
United States Magistrate Judge