# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

NELIDA PRADO,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

    Defendant.

Case No. 18-cv-02405-PJH

**ORDER**

Re: Dkt. No. 38

Before the court is defendant Equifax Information Services LLC's ("Equifax") objection to Magistrate Judge Beeler's discovery order. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

Plaintiff Nelida Prado alleges two causes of action against Equifax: violations of (1) the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and (2) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. Compl.

Briefly stated, plaintiff alleges that Equifax merged her credit information together with her sister's information, thereby creating a "mixed file" that inaccurately reported her credit history. Compl. ¶¶ 12–15. As a result, Equifax prepared and sold numerous credit reports that included both plaintiff's and her sister's information. Plaintiff discovered this "mixing" error in May 2016, when she obtained her credit report from Equifax. Plaintiff unsuccessfully attempted to resolve the issue with Equifax. Equifax supplied plaintiff's creditors with her sister's credit report, which resulted in plaintiff's credit limits being

reduced even though her actual credit history was perfect. Compl. ¶¶ 28–29.

Equifax served the following two relevant discovery requests on plaintiff, and plaintiff responded as follows:

**[1]**

**INTERROGATORY NO. 11:** If you are claiming that you suffered any physical harm or symptoms as a result of any act or omission by Equifax, please provide a description of the physical harm or symptoms, the date(s) you experienced each and whether you have taken any medications and/or received any medical treatment for each.

**RESPONSE TO INTERROGATORY NO. 11:** Responding Party objects as overbroad and burdensome regarding providing dates every time Responding Party experienced physical harm or symptoms as a result of Equifax's actions. Responding Party understands this interrogatory to be limited to physical harm or symptoms rather than emotional, mental, or other types of harm. Without waiving the foregoing objections, Responding Party suffered headaches, loss of sleep, overeating and crying, and took Ibuprofen, Tylenol PM, and natural sleep aid tablets for these problems.

**[2]**

**REQUEST FOR PRODUCTION NO. 22:** If you are claiming damages based on medical or mental anguish, please produce all documents relating or referring to any medical or mental treatments you received in the past seven years.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22:** Responding Party objects on the grounds that the request is vague and burdensome as to the terms "medical" and "medical… anguish." Responding Party objects on the grounds that the request is overbroad, burdensome, and not proportional to the needs of the case. Responding Party further objects in that the request seeks documents unrelated to Responding Party's claims against Equifax, and not reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this request to the extend it invades her right to privacy, as guaranteed by Article I, Section 1 of the California Constitution, and to the extent it seeks documents protected by the doctor-patient privilege.

On December 24, 2018, the parties filed a joint discovery dispute letter brief. Dkt. 33. The parties disputed whether plaintiff must produce her medical records based on her claims of loss of sleep, headaches, overeating, and crying. Plaintiff described those symptoms as "garden variety" emotional distress and argued that her privacy

1 interests protect her medical records from production. Defendant described the
2 symptoms as physical harms that can be used to bolster plaintiff's emotional distress
3 claims, and it argued that the records were relevant to assess whether defendant caused
4 the harms or whether they were preexisting.

On January 3, 2019, Magistrate Judge Beeler issued an order sustaining plaintiff's objections to producing the requested materials. Dkt. 35. Judge Beeler reasoned that because plaintiff alleged only "garden variety" emotional distress, she did not place her medical history so at issue as to warrant compelling production of her medical records. Id. at 2–3.

On January 17, 2019, defendant filed objections to the magistrate judge's discovery order (Dkt. 38), and on January 28, 2019, this court issued an order setting a briefing schedule for the dispute because "[t]he objections concern questions of law apparently without controlling Ninth Circuit authority, namely whether plaintiff waived her interest in withholding relevant medical records by seeking damages based on mental anguish and emotional distress" (Dkt. 39).

On February 22, 2019, plaintiff filed a brief conceding that she seeks damages for additional harms, such as back pain, that "go beyond garden variety" emotional distress. Dkt. 50 at 2. Plaintiff also conceded that her "medical records may be relevant to Plaintiff's emotional and physical damages" and offered to "produce all her medical records for the relevant time periods . . . *with the exception of* records related to gynecological examinations and brief notations in her medical history regarding sexual activity." Id. She argued that she "is willing to produce relevant records," but gynecological and sexual activity records "are not relevant" to this litigation because they "do not pertain to any of the damages Plaintiff seeks in this credit reporting case." Id. Plaintiff contends that defendant has requested production of even her gynecological records, and plaintiff has offered to provide those and other records to the court for in camera review to determine their relevance and whether limited redactions of irrelevant, highly-sensitive information are appropriate. Id. at 2–3. Plaintiff also makes reference to

the private and personal nature of those records. Id.

Because the magistrate judge's order was based solely on her determination that plaintiff alleged only "garden variety" emotional distress, and plaintiff has since conceded that she alleges more than "garden variety" emotional distress and has agreed to produce medical records because of those allegations, defendant's objections to the magistrate judge's discovery order are moot. Plaintiff now seeks to prevent production of a smaller category of medical records based on new grounds that the magistrate judge did not have occasion to address. The court therefore REFERS the present discovery dispute to the magistrate judge. When considering the new dispute (if it is not first resolved by the parties), the magistrate judge may have occasion to determine: (1) whether the contested records are relevant and whether any redactions are appropriate; and (2) if the records are relevant and plaintiff objects to the court-determined scope of redactions (if any), whether California's[1] evidentiary or constitutional privacy protections should limit discovery in this action. The later determination would require consideration of California law and whether it applies to this action filed pursuant to the district court's jurisdiction of civil actions arising under the laws of the United States.

**CONCLUSION**

The parties are directed to meet and confer to try to resolve their remaining disagreement. If the parties do not resolve their disagreement, they are directed to file a new joint letter brief in compliance with Magistrate Judge Beeler's standing order no later

/ / /

/ / /

/ / /

/ / /

---

[1] The court does not anticipate plaintiff arguing that any of her gynecological records are subject to the federal psychotherapist-patient privilege, which prevents production of "confidential communications between a psychotherapist and her patient," absent waiver of the privilege. Jaffee v. Redmond, 518 U.S. 1, 9 (1996).

4

than 14 days from the date of this order.

**IT IS SO ORDERED.**

Dated: February 28, 2019

_____
PHYLLIS J. HAMILTON
United States District Judge