United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NELIDA PRADO,<br>    Plaintiff,<br>v.<br>EQUIFAX INFORMATION SERVICES LLC,<br>    Defendant. | Case No. 18-cv-02405-PJH<br><br>**ORDER**<br>Re: Dkt. No. 64 |

Before the court is defendant Equifax Information Services LLC's ("Equifax") objection to Magistrate Judge Beeler's March 22, 2019 discovery order. Dkt. 64. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Plaintiff Nelida Prado alleges two causes of action against Equifax: violations of (1) the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., and (2) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1 et seq. Compl.

Briefly stated, plaintiff alleges that Equifax merged her credit information together with her sister's information, thereby creating a "mixed file" that inaccurately reported her credit history. Compl. ¶¶ 12–15. Equifax supplied plaintiff's creditors with her sister's credit report, which resulted in plaintiff's credit limits being reduced even though her actual credit history was perfect. Id. ¶¶ 28–29.

Equifax served the following discovery request on plaintiff:

**REQUEST FOR PRODUCTION NO. 21**
All documents relating or referring to whether you suffered mental distress, embarrassment, humiliation, mental anguish, mental distress or any similar types of injury as a result of the conduct alleged in this suit, including treatment records, prescriptions, diagnosis, invoices, statement or bills from doctors, counselors, therapists or other persons that provided treatment as a result of such alleged injury.

Dkt. 66 at 2; Joint Discovery Letter Br., Dkt. 52 at 3.

On March 14, 2019, the parties filed a joint discovery letter brief. Dkt. 52. In that letter, the parties disputed production of two categories of materials: (1) gynecological and sexual-history records; and (2) plaintiff's employment file. Judge Beeler held a hearing on the matter on March 21, 2019. Dkt. 61.

On March 22, 2019, Judge Beeler issued an order. Dkt. 62. First, with respect to the gynecological and sexual-history records, Judge Beeler reviewed the records in camera, found "they contain no discussions of stress or other emotional distress," and determined the records were therefore not relevant. Id. at 3. Because the records are not relevant, they need not be produced. Defendant does not object to that portion of the order.

Second, with respect to plaintiff's employment records, Judge Beeler ordered Prado to produce the portions of her employment file "related to the impact Equifax's alleged credit misreporting had on her work, in lieu of her entire employment file." Id. at 8. Specifically, the judge found that Equifax did not request portions of plaintiff's employment file showing emotional distress caused by sources other than Equifax. Id. ("Records of issues (if any) with Ms. Prado's work performance or missed work for other reasons are not covered by Equifax's request."). As a result, some portions of Prado's employment file could be responsive to Equifax's discovery request, and some portions would not be responsive. To the extent Equifax sought production of the entire employment record because some portion of it was discoverable, Judge Beeler found good cause under Rule 26(c)(1) to limit production to the responsive portions of the employment file. Id. at 8–9 ("Prado may redact or withhold those portions of her

2

1 employment file unrelated to the impact Equifax's alleged credit misreporting had on her
2 work.").

3 On April 5, 2019, Equifax filed objections to the discovery order. Dkt. 64. On April
4 11, 2019, this court issued a scheduling order allowing plaintiff to file a response.
5 Dkt. 65. On April 19, 2019, plaintiff filed a response to defendant's objections. Dkt. 66.

**DISCUSSION**

**A.   Legal Standard**

Magistrate judge rulings on nondispositive motions may be set aside or modified by the district court only if found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). A finding of fact is clearly erroneous if the court has a definite and firm conviction that a mistake has been committed. Burdick v. Commissioner, 979 F.2d 1369, 1370 (9th Cir. 1992). A magistrate judge's legal conclusions are reviewed de novo to determine whether they are contrary to law. See United States v. McConney, 728 F.2d 1195, 1200–01 (9th Cir. 1984); Perry v. Schwarzenegger, 268 F.R.D. 344, 348 (N.D. Cal. 2010).

**B.   Analysis**

Defendant's objections present two issues. First, the court considers whether plaintiff's employment records are responsive to defendant's Request for Production Number 21. Second, given that those records are responsive, the court considers whether plaintiff can withhold portions of her employment records.

**1.   The Discovery Request**

The magistrate judge interpreted the plain language of Equifax's discovery request to determine the scope of materials that are responsive to it. This court reviews that legal conclusion de novo.

Equifax requested "All documents relating or referring to whether [plaintiff] suffered mental distress, embarrassment, humiliation, mental anguish, mental distress or any [similar] types of injury as a result of the conduct alleged in this suit[.]" Dkt. 52 at 3; Dkt. 66 at 2. Plaintiff seeks damages based on her alleged mental distress, and she

3

1    intends to prove those damages in part based on the negative effects Equifax's actions
2    had on her employment. Dkt. 52 at 3 ("when questioned about her damages in her
3    deposition, she testified that not only did she miss work due to stress but her
4    performance at her job was negatively impacted by Equifax").

Defendant's Request for Production Number 21 seeks all documents "relating or referring to whether" Prado suffered mental distress "as a result of the conduct alleged in this suit[.]" Dkt. 52 at 3 (emphasis added); Dkt. 66 at 2. The plain language of the request seeks materials that tend to show Equifax's conduct caused Prado's mental distress as well as materials that tend to show Equifax's conduct did not cause Prado's mental distress. Limiting the request to include only materials affirmatively showing that Equifax caused mental distress would read the word "whether" out of the request. If something other than Equifax caused Prado's work performance to suffer, that cause would "relate" to "whether" her distress was "a result" of Equifax's actions because it would tend to show her distress was a result of something else.

Therefore, Prado's employment file is responsive to Equifax's request, including portions that tend to show an absence of mental distress and portions that relate to work performance issues or missed work for reasons other than Equifax's alleged actions.

### 2. Whether Plaintiff Can Withhold Portions of Her Employment File

Judge Beeler's order required plaintiff to produce all responsive portions of her employment file. Contrary to defendant's interpretation, the order did not permit Prado to withhold responsive portions that Prado considered irrelevant. It allowed withholding or redacting only those portions that Judge Beeler determined were unresponsive. Dkt. 62 at 8–9 ("Prado may redact or withhold those portions of her employment file unrelated to the impact Equifax's alleged credit misreporting had on her work"). Given this order's explanation that Prado's employment file is responsive to Equifax's request, Prado cannot withhold portions of it.

To the extent plaintiff contends that she should be granted a protective order allowing her to withhold responsive employment records because they contain private

information (see Dkt. 66 at 3), the court is not persuaded. The protective order already entered in this case is sufficient to protect plaintiff's privacy interests in her employment file.

**IT IS SO ORDERED.**

Dated: May 6, 2019

PHYLLIS J. HAMILTON
United States District Judge